Kehm v. Insurance Co.

## PLEADING.

[Hamilton (1st) Circuit Court, December 8, 1903.]

Jelke, Swing and Giffen, JJ.

### KEHM V. INSURANCE CO.

OMISSION OF MATERIAL ALLEGATIONS IN AMENDED PETITION.

The original action on a policy of life insurance being for the amount of the policy while the amended petition is for a reformation of the policy and judgment upon it, the omission in the amended petition to allege consideration is not supplied by such allegations in either the original petition or answer and such allegation being essential to the right of action a demurrer will be sustained to such amended petition.

[For other cases in point, see 6 Cyc. Dig., "Pleading," §§ 1174-1180, 1186. —Ed.]

ERROR to Hamilton common pleas court.

**Goebel & Bettinger,** for plaintiff in error.

**J. R. Sayler,** for defendant in error.

SWING, J.

This case is in this court on error to the judgment of the court of common pleas in sustaining a general demurrer to the amended petition of plaintiff. It is urged in this court that the demurrer was properly sustained for the reason that the amended petition does not allege any consideration for the contract which it is sought to have reformed, and when reformed to have enforced. There is no consideration alleged in the amended petition.

The authorities are numerous and uniform to the effect that a consideration must be alleged in actions founded on a contract except upon instruments under seal and negotiable promissory notes and bills of exchange, where by statute no consideration need be alleged. 4 Enc. Pl. & Pr. 928 and authorities therein cited. But while not controverting this rule of law it is contended that an answer which was filed to the original petition supplies this omission and should be considered by the court. This action was originally brought on a policy of insurance. In this action the plaintiff alleged the payment of $24 in cash and the giving of a note for $120 and the issuance to him of a policy of insurance for $2,000, and the destruction of the property insured, by fire; and he asked judgment for the amount insured.

The defendant answered, setting up an avoidance of the policy by reason of procuring other insurance without the consent of the insurer. Such proceedings were had, that the plaintiff found it necessary to file the amended petition, *supra,* asking for a reformation of the policy and

### Hamilton County.

when reformed for a judgment on it, thus changing the form of this action from one at law to one in equity, and to this amended petition the demurrer was sustained.

It seems to us clear that all the court could consider in passing on the demurrer to the amended petition was the demurrer and the amended petition. The original petition was out of the case and so was the answer to it. In the case of *Raymond* v. *Railway*, 57 Ohio St. 271 [48 N. E. Rep. 1093], the first proposition of the syllabus is as follows:

"Under our system of pleading, a plaintiff may be permitted to substitute an amended petition in place of the original which may have the effect to change the form of action from an equitable to a legal action, the basis and the ultimate object of the action remaining the same. And if such change is made, the court, in determining the issues to be tried, will look wholly to the amended pleadings, disregarding the original, and the cause will thereafter be treated as a suit at law, and will proceed to trial and judgment as though it had been commenced as a legal action."

In the opinion of the court, at page 284, Judge Spear says:

"But if the new pleading appears to have been filed not by way of addition merely, to the original petition, and if it appears also to contain a full statement of the plaintiff's case, being on its face a statement of an entire cause of action, and in substance a substitute for the original, the filing of it by the plaintiff will be regarded as implying an abandonment by him of the case made in the original petition and any additions thereto, and as selecting this as the pleading on which he founds his suit, and the only petition which the court is to consider in determining the issues to be tried."

It seems to us that this case is in point, and is controlling on the question raised in the case at bar. It is evident, therefore, that we can consider only the amended petition and the demurrer, and as there is no consideration alleged for the contract sought to be enforced, it is not enforcible. It follows from these conclusions that in our judgment the court properly sustained the demurrer. Whether it should have been sustained for other reasons or whether the court erred as a matter of law in sustaining it for other reasons, need not now be considered by this court.

Judgment affirmed.

**Jelke** and **Giffen, JJ.,** concur.